PHILADELPHIA AND CAMDEN FERRY COMPANY, PROSE-
CUTOR, v. INTER-CITY LINK RAILROAD COMPANY.

Argued June 4, 1907—Decided March 2, 1908.

In proceedings to condemn land loss arising from the competition of
the condemning party by means of the land taken is not an ele-
ment of the compensation to which the landowner is entitled.

On *certiorari.*

This writ brings up the award of commissioners appointed
on the application of the Inter-City Link Railroad Company
in condemnation proceedings of certain lands of the ferry
company which the tunnel company seeks to take for its ter-
minal and depot purposes. The following is a copy of that
portion of the award that raises the question brought up by
the writ of *certiorari:* "We do award that the said Inter-City
Link Railroad Company shall pay to the Philadelphia and
Camden Ferry Company the sum of $100,000 for the land,
property and crossing shown in the map hereto annexed, and
a description of which is also hereto annexed, being the full
award for the value of the land, property and crossing, and
damages thereto, and for all other damages, costs and expense
in this proceeding, so far as the said Philadelphia and Cam-
den Ferry Company is concerned.

"This commission in this finding has not included any
damages to the said ferry company that it may suffer by
reason of a loss in its business in the carriage of passengers
due to the diversion to the tunnel of the passengers of the
ferry company. We believe this to depend upon the interpre-
tation of the law as to damages. We have therefore omitted
it from our finding."

Before Justices GARRISON and SWAYZE.

For the prosecutor, *Gaskill & Gaskill.*

For the defendant, *Martin V. Bergen, Jr.*

The opinion of the court was delivered by

GARRISON, J.   This award gives to the landowner the value of the land that is taken by the condemning party and compensation for the diminution in value of the residue of the tract that will result from such taking—*i. e.*, for the difference in value of the tract before and after the taking.   This is correct, and the award for such difference will also be presumed to be correct upon this writ, which is directed, not at what the award includes, but at what it does not include, viz., damages to the landowner for the loss of the emoluments of its ferry that will result from competition with the tunnel of the condemning party.   The sole contention of the prosecutor is that, in addition to the award already made for injury to its tract, it is (to quote the brief of counsel) "entitled to damages for the diversion of its traffic."

This contention cannot prevail.

A proceeding to condemn land is not in the nature of an action for damages.   It is merely the prescribed mode of ascertaining the sum of money or price the condemning agent must pay to the owner of private property as the equivalent of that which will be taken or destroyed by the public use. *Shamberg* v. *New Jersey Shore Line Railroad Co.*, 44 *Vroom* 572.

The price at which the owner of land so taken may be thus compelled to part with it is computed upon and circumscribed by its valuation as land calculated upon its most valuable available uses, into which also enter all the injurious effects of such taking upon the value of the residue of the tract. This in the present case has presumably been done.   Diminution in the emoluments of the business conducted by the landowner upon such residue of his tract that will result from the establishment of a rival business upon the land that is condemned is not a land value or an element in the valuation of land.   It is, on the contrary, an element of ordinary business competition such as would arise if such rival business were established upon any adjacent tract of land.   Compensation

for the losses resulting from such competition would be in the nature of damages such as courts of law give for the redress of a wrongful act, and hence has no place in a procedure for the ascertainment of land values ancillary to the accomplishment of a rightful act. Where, as in the present case, the business conducted by the landowner upon the residue of its tract is by virtue of a franchise, such franchise, being property, cannot be taken or destroyed under eminent domain without compensation, but immunity from competition or from the results of competition is no part of such franchise, and hence is not property, and it is only for "property" taken that compensation must be made under the constitutional mandate touching eminent domain. "Private property shall not be taken for public use without just compensation" is the constitutional provision upon this subject. *Const., art.* 1, § 16.

The franchise to operate a ferry is taken in this constitutional sense if the power to exercise or the means of exercising such franchise be destroyed under the right of eminent domain, but the taking of land that is owned by a ferry company, but is not used in the exercise of its franchise, neither destroys its power to exercise its franchise nor impairs its employment of the means secured to it by its charter. The taking of such land is not a taking of the ferry franchise, however much the emoluments of such franchise may be reduced by reason of the competitive use to which the land so taken is put. The difference between taking part of the property of a private owner and taking part of the profits of that owner's business is fundamental in the constitutional aspect of the matter since it marks the distinction between constitutional compensation in aid of the accomplishment of a rightful act and the recovery of damages for the redress of a wrongful one. The principle, the forum and the mode of procedure in the two cases are entirely distinct from the judirical standpoint, even though the effects upon the landowner's pocket may, from the financial point of view, be indistinguishable. The proceeding to condemn his land does not take from a landowner any right to damages for the diversion of

traffic he may have. It simply does not create such a right or provide any procedure for its recognition or enforcement. In legal contemplation the award in the present case is not affected by the circumstance that the land of the ferry company that is taken by the tunnel company will be put to a use that will bring it into competition with the prosecutor's ferry. The case would not be varied in principle if the condemned land was to be used for a schoolhouse, or for any other non-competitive object, or even if the condemning party were to bind itself not to use its tunnel for the transportation of passengers, or for any other use that would bring it into competition with the landowner's ferry. This principle is well established, and its application to the present case is free from doubt.

The cases illustrative of this doctrine are collected in 18 *Cent. Dig., tit. "Eminent Domain,"* § 391, and in 15 *Cyc.* 734, where the text that is annotated curtly states that "loss arising from the competition of the condemning party does not constitute an element of damage."

The award of the commissioners brought up by this writ is affirmed, with costs.